UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

AMANDA WEILAND,

                Plaintiff,        **DECISION AND ORDER**
                                                      **No. 6:16-cv-06100-MAT**

   -vs-

CAROLYN W. COLVIN, Acting Commissioner
of Social Security,

                Defendant.

## I. Background

Represented by counsel, Amanda Weiland ("Plaintiff") commenced this action pursuant to Title II of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for disability insurance benefits ("DIB"). The Court, on February 4, 2017, reversed the Commissioner's decision and remanded the matter for further administrative proceedings.

A supplemental hearing was held before an ALJ on December 19, 2017. On March 29, 2018, the ALJ issued a fully favorable decision finding Plaintiff disabled as of March 15, 2012. By Notice of Award dated July 2, 2018, $13,925.25 was withheld from Plaintiff's past due benefits for attorney's fees. This amount represented 25 percent of Plaintiff's past due benefits, which therefore equal approximately $55,701.00.

Plaintiff has filed a motion pursuant to 42 U.S.C. § 406(b) ("Section 406(b) Motion"), requesting approval of an award in the amount of $13,925.25 for legal services performed by her counsel in

federal district court. The Commissioner filed a response indicating that she has no objections to Plaintiff's request for attorney's fees pursuant to Section 406(b) but requests that the Court conduct an independent reasonableness review, as required by law. For the reasons discussed below, Plaintiff's Section 406(b) Motion is granted.

**II. Applicable Legal Principles**

Section 406(b) provides in relevant part that "[w]henever a court renders a judgment favorable to a claimant. . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A).

"Within the 25 percent boundary" set by Section 406(b), "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002) (citation omitted). Section 406(b) also "calls for court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." Id. (footnotes omitted). Thus, it is the district court's responsibility to determine whether the requested fees are unreasonable, as required by Social Security Act and Gisbrecht, supra.

After ascertaining that a given contingent fee agreement is within the 25 percent statutory boundary, courts have considered the following factors in determining whether the resulting fee is reasonable: 1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. Joslyn v. Barnhart, 389 F. Supp.2d 454, 456 (W.D.N.Y. 2005) (quoting Gisbrecht, 535 U.S. at 808).

**III. Discussion**

With regard to the first Gisbrecht factor, the Court finds that the requested fee is in line with the "character of the representation and the results the representation achieved." Here, Counsel's effective briefing secured a reversal and remand for further administrative proceedings. Following remand, an ALJ issued a fully favorable decision, awarding Plaintiff benefits as of March 15, 2012. This factor accordingly weighs in favor of finding reasonableness.

Turning to the second factor, Counsel did not engage in dilatory litigation tactics or otherwise cause delay in the proceedings that might have inflated past due benefits and thus the

potential fee award. The second factor also weighs in favor of finding reasonableness.

Finally, with regard to whether the requested fee represents a "windfall," the Court notes that Counsel's request of $13,925.25 represents 25 percent of the past due benefits awarded to Plaintiff. It is permissible under the fee agreement between Plaintiff and her attorney, which, consistent with the statutory cap, allows for up to 25 percent of the past due benefits.

The Supreme Court has not provided clear guidance on assessing this factor, but has suggested that conducting what is essentially a lodestar analysis may be helpful. See Gisbrecht, 535 U.S. at 808 (suggesting that the hours spent by counsel representing the claimant and counsel's "normal hourly billing charge for noncontingent-fee cases" may aid "the court's assessment of the reasonableness of the fee yielded by the fee agreement"). Based on the itemized statement submitted (Doc. 18-4), Counsel spent a total of 24.27 hours representing Plaintiff in the district court. Dividing the Section 406(b)(1) fee requested ($13,925.25) by the total hours (24.27) yields an hourly rate of $573.76. However, Plaintiff's counsel already has been awarded $4,500.00 in fees under Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).[1]

---

[1]
By stipulation and order dated April 10, 2017, this Court awarded Plaintiff's attorney $4,500.00 in fees under the EAJA plus $400.00 in costs, for a total of $4,900.00. The lesser of the two fees awarded under Section 406(b) and the EAJA fee will be paid to Plaintiff. See Gisbrecht, 535 U.S. at 796 ("Fee awards may be made under both prescriptions [in the EAJA and Section 406(b)], but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller

That amount will be refunded to Plaintiff, which means the net award to Plaintiff's counsel under Section 406(b) will be $9,425.25. Dividing $9,425.25 by 24.27 yields an effective hourly rate of $388.35. Moreover, it bears noting that Plaintiff's counsel was required to expend an additional 22.15 hours at the administrative level in connection with the remand proceedings. While the Court is without authority to award compensation for services performed at the administrative level, those services may be considered as a factor in determining the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the results achieved in district court. Lapatra v. Astrue, 530 F. Supp.2d 453, 456 n.2 (W.D.N.Y. 2008) (citations omitted).

A contingent fee outside of the Social Security context typically represents the past and future value of the case. Here, however, the statute provides that attorney's fees are based solely on past-due benefits. See 42 U.S.C. § 406(b)(1). The value of this case to Plaintiff is greater than the amount of past due benefits received, since Plaintiff will receive not only the past due benefits owing, but also ongoing benefits until he dies, reaches retirement age, or is no longer disabled. In addition, the value of health care benefits attendant to Title II benefits is not included

---

fee.'") (quoting Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186; second alteration in original). Thus, if the pending application is granted, Plaintiff will receive $4,500.00. See id.

in the computation of the fee under Section 406(b)(1). The Court agrees that the value of this case to Plaintiff is considerably greater than past-due benefits received. Furthermore, Plaintiff's case involved a substantial risk of loss to Counsel, the benefits claim having been denied at multiple levels of agency review before the initiation of this civil action. The Court also considers the deference owed to lawful attorney-client fee agreements, <u>Gisbrecht</u>, 535 U.S. at 793, and the interest in assuring that attorneys continue to represent clients such as Plaintiff, <u>id.</u> at 805. All of these factors counsel a finding that the fee requested is reasonable, and the Commissioner does not disagree.

**IV. Conclusion**

For the reasons set forth above, the Court grants the Section 406(b)(1) Motion in its entirety and awards attorney's fees in the amount of $13,925.25. The Court directs the Commissioner to release the funds withheld from Plaintiff's award. Upon receipt of the fee award, Plaintiff's counsel shall refund to Plaintiff the $4,500.00 in EAJA fees previously awarded.

**SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED: October 11, 2018
Rochester, New York